**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No. 18-03094-01-CR-S-MDH** |
| **DOUGLAS A. RICHARDSON,** | |
| Defendant. | |

**UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A
HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)**

Comes now the United States of America, by Timothy A. Garrison, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain the defendant pending trial of this matter and to hold a detention hearing pursuant to 18 U.S.C. § 3142(e)(1), (f)(2)(A) and (B).

**SUPPORTING SUGGESTIONS**

1. 18 U.S.C. § 3142(f)(2)(A) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person and the community if the attorney for the Government or the judicial officer moves for such a hearing and the case involves a serious risk that the defendant will flee.

2. Upon motion of the attorney for the Government or by motion of a judicial officer, 18 U.S.C. § 3142(f)(2)(B) also requires a detention hearing in a case that involves a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

1

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the United States Code exists in the above cause. First, there is a serious risk that the defendant will flee given the potential sentence and restitution amount associated with this case, and the fact that he stated to multiple witnesses that he contemplated suicide because of his criminal actions. *See* 18 U.S.C. § 3142(f)(2)(A). Further, there is a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness in that he has already attempted to threaten and intimidate a witness in this case. *See* 18 U.S.C. § 3142(f)(2)(B). The defendant's release will present a continued substantial risk to the community.

4. Moreover, the factors outlined in 18 U.S.C. § 3142(g) - the nature and circumstances of the charged offenses, the weight of the evidence, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release - each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

5. The Government is aware of the following evidence, which supports its motion for detention in light of the factors listed above:

    a. In relation to the nature and circumstances of the offenses charged, the defendant is charged by indictment with six counts of wire fraud, in violation of 18 U.S.C. § 1343, for defrauding a corporation and several individuals out of a substantial sum of money; and four counts of money laundering, in violation of 18 U.S.C. § 1957, for further utilizing such criminally derived funds.

    b. The defendant is a flight risk because he is now facing a considerable amount of prison time due to the offenses charged and the amount of money he illegally obtained from the various victims. Additionally, he has stated to at least two witnesses that he contemplated suicide due to his actions, including one statement that if law enforcement discovered his actions, he would commit suicide.

c. In relation to the weight of the evidence supporting the charges in the instant indictment, the following is presented to the Court:

i. An investigation conducted by Special Agent ("SA") Dennis Cunningham of the United States Postal Inspection Service revealed that from February 2014, through at least October 2016, in the Western District of Missouri, and elsewhere, the defendant engaged in schemes to defraud a corporation and at least three individuals out of substantial sums of money, resulting in aggregate loss to those victims in an amount exceeding $7,000,000.

ii. As a part of the defendant's schemes, he caused numerous unauthorized wire transfers of money from Smart Prong, Inc.'s ("Smart Prong") bank accounts to accounts he personally controlled. The defendant also solicited numerous investments and loans from individual victims, misrepresenting the purpose of such investments and loans, and then using the proceeds for other purposes, including for his own benefit.

iii. SA Cunningham talked with the various victims in this case regarding the defendant's actions. J.W. of Smart Prong stated that the defendant confessed to him that he had taken approximately $750,000 from Smart Prong. The defendant later wrote a letter to Smart Prong shareholders, in which he admitted to misallocating "a large sum of cash" and further stated he "was completely out of control." SA Cunningham also spoke with C.R., who stated that the defendant admitted to her that he was a liar and he had used her money for other purposes. D.R. told SA Cunningham that the defendant said to him that if law enforcement got too close, he would commit suicide. E.H. told SA Cunningham that the defendant confessed to E.H. that he had kept $440,000 of E.H.'s money for himself instead of investing with the various entities he had represented to E.H. at the time of their agreements.

iv. SA Cunningham also spoke with two employees of the defendant's business. One employee stated that, in June 2016, the defendant requested that she create a bank statement for Smart Prong, but to omit certain transactions that he did not want Smart Prong to know about. A second employee told SA Cunningham that after the defendant discovered she had spoken with the agent, he instructed her to not tell SA Cunningham anything.

v. SA Cunningham reviewed numerous bank account records that detailed the defendant's fraudulent schemes and unauthorized use of Smart Prong and investor money, including transactions greater than $10,000 involving the fraudulent proceeds, which he engaged in. These bank records also revealed that the defendant made transactions similar to those in his indicted fraudulent schemes through at least April 2017.

3

6. Based upon the defendant's own admissions, he knowingly and willfully conducted these schemes and attempted to conceal details of his criminal conduct from his victims and from law enforcement. Further, he has already attempted to threaten and intimidate a witness for talking with a federal agent and has openly considered suicide. As such, this defendant is a continuing danger to the community in general, and to himself, and will continue to be a risk to the safety of the community should he be released on bond. Additionally, the defendant's comments regarding suicide clearly show he is a flight risk.

7. Based upon the foregoing, the United States submits that there is clear and convincing evidence that there are no conditions the Court could impose that would reasonably assure the safety of the community if the defendant were released, and a preponderance of the evidence exists that no condition or combination of conditions imposed on the defendant would reasonably assure the defendant's appearance if he were released.

**WHEREFORE**, the United States requests a pretrial detention hearing and that the defendant be detained pending trial.

    Respectfully submitted,

    Timothy A. Garrison
    United States Attorney

By   */s/ Casey Clark*
    Casey Clark
    Assistant United States Attorney
    Mo. Bar No. 57968
    901 St. Louis Street
    500 Hammons Tower
    Springfield, Missouri 65806
    Telephone: (417) 831-4406

## CERTIFICATE OF SERVICE

   I hereby certify that on this 21st day of August 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                */s/ Casey Clark*
                Casey Clark
                Assistant United States Attorney